

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2013 JUN -6 P 1:34

EDWARD S. PARKER    :
         :    PRISONER DISTRICT COURT
  v.      :  Case No. 3:11cv745(DJS)
         :
JOHN ALVES     :

RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The petitioner commenced this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his state court conviction for murder on the ground that trial counsel was ineffective.[1]  For the reasons that follow, the petition is denied.

I. Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws.  28 U.S.C. § 2254(a).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

---

[1]The respondents moved to dismiss the amended petition on the ground that the petitioner failed to exhaust his state court remedies on all of the examples of ineffective assistance of counsel raised in the federal petition.  In response, the petitioner agreed to withdraw all unexhausted grounds.  The court denied the motion to dismiss as moot and ordered the respondent to address the merits of the exhausted claims.  See Doc. #25.

> (1) resulted in a decision that was
> contrary to, or involved an unreasonable
> application of, clearly established Federal
> law, as determined by the Supreme Court of
> the United States; or
> (2) resulted in a decision that was based
> on an unreasonable determination of the facts
> in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme

Court "may be either a generalized standard enunciated in the

Court's case law or a bright-line rule designed to effectuate

such a standard in a particular context." Kennaugh v. Miller,

289 F.3d 36, 42 (2d Cir. 2002).  Clearly established federal law

is found in holdings, not dicta, of the Supreme Court at the time

of the state court decision. Carey v. Musladin, 549 U.S. 70, 74

(2006).  Second Circuit law which does not have a counterpart in

Supreme Court jurisprudence cannot provide a basis for federal

habeas relief.  See DelValle v. Armstrong, 306 F.3d 1197, 1200

(2d Cir. 2002).

A decision is "contrary to" clearly established federal law

where the state court applies a rule different from that set

forth by the Supreme Court or if it decides a case differently

than the Supreme Court on essentially the same facts. Bell v.

Cone, 535 U.S. 685, 694 (2002).  A state court unreasonably

applies Supreme Court law when the court has correctly identified

the governing law, but unreasonably applies that law to the facts

of the case.  The state court decision must be more than

incorrect; it also must be objectively unreasonable, "a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) (standard for evaluating state-court rulings where constitutional claims have been considered on the merits and which affords state-court rulings the benefit of the doubt is highly deferential and difficult for petitioner to meet). The presumption of correctness, which applies to "historical facts, that is, recitals of external events and the credibility of the witnesses narrating them" will be overturned only if the material facts were not adequately developed by the state court or if the factual determination is not adequately supported by the record. Smith v. Mann, 173 F.3d 73, 76 (2d Cir. 1999) (internal quotation marks omitted).

In addition, the federal court's review under section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Cullen, 131 S. Ct. at 1398. Because collateral review of a conviction applies a different standard than the direct appeal, an error that may have

supported reversal on direct appeal will not necessarily be
sufficient to grant a habeas petition.  <u>Brecht v. Abrahamson</u>, 507
U.S. 619, 634 (1993).

II.  <u>Procedural Background</u>

On July 20, 1999, the petitioner entered a guilty plea on
one count of murder and, on October 14, 1999, was sentenced to a
term of imprisonment of thirty years.  The Connecticut Appellate
Court affirmed his conviction.  <u>See</u> <u>State v. Parker</u>, 67 Conn.
App. 351 (2001).  The petitioner did not immediately file a
petition for certification with the Connecticut Supreme Court.
Later, his ability to file a petition for discretionary review
was restored and the Connecticut Supreme Court denied
certification.  <u>See</u> <u>State v. Parker</u>, 281 Conn. 912 (2007).

The petitioner filed a petition for writ of habeas corpus in
state court.  He challenged his conviction on the ground that
trial counsel was ineffective for failing to: (1) adequately
advise him about his options and the consequences of his plea,
(2) ensure that the guilty plea was knowing and voluntary, and
(3) investigate the state's case and any potential defenses. He
also raised a claim of actual innocence.  The state court denied
the petition.  <u>See</u> <u>Parker v. Warden</u>, No. CV00439172S, 2003 WL
828494 (Conn. Super. Ct. Jan. 24, 2003).  The Connecticut
Appellate Court dismissed the appeal.  <u>See</u> <u>Parker v. Commissioner</u>
<u>of Correction</u>, 83 Conn. App. 905 (2004) (per curiam).  Again, the

4

petitioner did not immediately file a petition for certification. Later, his ability to seek discretionary review was restored and the Connecticut Supreme Court denied certification.  See Parker v. Commissioner of Correction, 281 Conn. 912 (2007).

In May 2005, the petitioner filed a second state habeas petition.  He alleged that prior habeas counsel was ineffective for failing to demonstrate that trial counsel had provided ineffective assistance.  The state court conducted a hearing on the merits of the petition and denied relief.  The Connecticut Appellate Court dismissed the appeal and the Connecticut Supreme Court denied certification.  See Parker v. Commissioner of Correction, 124 Conn. App. 905 (per curiam), cert denied, 299 Conn. 911(2010).

In 2007, the petitioner filed a motion to correct an illegal sentence.  The motion was denied and the denial affirmed on appeal.  See State v. Parker, 295 Conn. 825 (2010).

III. Factual Background

The court hearing the first state habeas action found the following facts proven.  On September 15, 1995, the body of the victim was found at the side of a road in Berlin, Connecticut. The victim had been shot twice in the head.  The shooting had occurred elsewhere and the body dumped alongside the road.  The victim was actively involved in the sale of narcotics in the New

5

Britain/Hartford area.  See Parker v. Warden, 2003 WL 828494, at
*2.

On September 20, 1995, the police received an anonymous
telephone call that the petitioner had killed the victim.  The
caller provided several details of the killing.  The police
located the petitioner and he agreed to be interviewed.  The
petitioner stated that he did not know the victim and had never
met him.  He also stated that he did not loan his car to anyone
on September 14 or 15, 1995, and gave police permission to
inspect the car.  The police removed pieces of material and
stains that appeared to be blood from the petitioner's car.  See
id.

On January 3, 1997, the petitioner again spoke with the
police.  He stated that he was not involved in the victim's
shooting and said that he believed that he was being accused of
the killing because he robbed drug dealers for drugs and money.
See id.

On October 23, 1997, with the assistance of counsel, Donzie
Taylor gave police a statement under oath.  Taylor stated that in
mid-1995, the petitioner came to his home one evening around
midnight and told Taylor that he had shot the person he had
spoken about robbing a week earlier.  Taylor observed blood
stains on the petitioner's hands and clothing and also in his
car.  The petitioner showed Taylor a gun and demonstrated how he

6

shot the victim.  Taylor also stated that, about a week later, the petitioner was bragging to several other persons that he shot the man found in Berlin.  See id.

On October 28, 1997, the police again spoke with the petitioner.  When they told him that the victim's blood had been found in his car, the petitioner stated that, sometime before the police had searched the car on September 20, 1995, he had loaned the car to Taylor for several hours so Taylor could pick up his girlfriend.  Then, on November 25, 1997, the petitioner gave the police a signed statement indicating that five or six days before the police searched his car, he loaned the car to Taylor and another man, Fabian Hoyte, so they could rob a New Britain drug dealer.  Taylor gave the petitioner $50 for use of the car, kept the car for several hours, and gave the petitioner two ounces of crack cocaine when he returned the car.  See id. at *3.

On March 11, 1998, the petitioner was arrested and charged with the murder of the victim.  On March 18, 1998, the petitioner gave a statement to the police with assistance of counsel.  The petitioner stated that on the night of the murder, he and Hoyte met the victim to buy drugs.  The three men were in the car with the petitioner driving and the victim in the front passenger seat.  When the victim showed them the cocaine, Hoyte shot the victim.  The petitioner stated that he did not know Hoyte was going to shoot the victim.  Hoyte made the petitioner help dump

7

the body.  The petitioner stated that he told Taylor about the murder a few hours later and led Taylor to believe that he had shot the victim.  See id.

The petitioner continued to change his version of events. In December 1998, he wrote two letters to his attorney stating that all he had done was loan his car to Taylor for $50.  On July 3, 1999, the petitioner sent a letter to the State's Attorney claiming that his March 1998 statement was false and that the truth was that he had loaned his car to Taylor and Hoyte so they could rob a drug dealer.  See id.

IV.  Discussion

In the remaining claims, the petitioner contends that counsel was ineffective in two ways.  Trial counsel failed to file a motion to suppress evidence seized from the petitioner's vehicle and, if the motion were unsuccessful, arrange for the petitioner to enter a plea of nolo contendere to enable him to appeal the denial of the motion to suppress.

An ineffective assistance of counsel claim is reviewed under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail, the petitioner must demonstrate, first, that counsel's conduct was below an objective standard of reasonableness established by prevailing professional norms and, second, that this deficient performance caused prejudice to him. Id. at 687-88.  Counsel is presumed to be competent.  Thus, the

8

petitioner bears the burden of demonstrating unconstitutional representation.  See <u>United States v. Cronic</u>, 466 U.S. 648, 658 (1984).  To satisfy the prejudice prong of the <u>Strickland</u> test, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"; the probability must "undermine confidence in the outcome" of the trial.  <u>Strickland</u>, 466 U.S. at 694.  The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions.  See <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005). Where the petitioner has entered a guilty plea, the standard for demonstrating prejudice requires a showing by the petitioner "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

To prevail, the petitioner must demonstrate both deficient performance and sufficient prejudice.  See <u>Strickland</u>, 466 U.S. at 700.  Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

Establishing in a federal habeas petition  that the state court's application of the <u>Strickland</u> standard was unreasonable is a very difficult undertaking.  Both the <u>Strickland</u> standard and the general standard of review under 28 U.S.C. § 2254 are

"highly deferential" and, when combined, are "doubly so." Premo

v. Moore, 131 S. Ct. 733, 740 (2011)(internal quotation marks

omitted).   The court must determine "not whether counsel's

actions were reasonable," but "whether there is any reasonable

argument that counsel satisfied *Strickland's* deferential

standard." Id. (internal quotation marks omitted).

The court will consider the last reasoned state court

decision rejecting a federal claim to determine whether the

decision is an unreasonable application of federal law.  See Ylst

v. Nunnemaker, 501 U.S. 797, 803 (1991). Here, the court reviews

the ruling of the Connecticut Superior Court denying the second

petition for writ of habeas corpus, Parker v. Warden, No. CV05-

4000487S (Conn. Super. Ct. Dec. 15, 2008).[2]  See Doc. #16,

Resp't's Mem. App. M at 18-29. The state court cited both

Strickland and a state case applying the same standard.  Because

---

[2]The respondent argues that the petitioner has no right to
counsel in state habeas proceeding and, therefore, the court
should not review whether state habeas counsel was ineffective in
failing to raise trial counsel's failure to file a motion to
suppress or advise the petitioner of his ability to enter a nolo
contendere plea and appeal the denial of the motion to suppress.
The respondent is correct that the Sixth Amendment right to
counsel does not extend to state habeas proceedings.  See
Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (prisoner has no
constitutional right to counsel in collateral attack on his
conviction).  However, in analyzing this claim the second state
court necessarily reviewed the actions of trial counsel.  If
trial counsel was not ineffective, then habeas counsel would not
be ineffective for failing to assert this claim.  Thus, the court
reviews the ruling on the second state habeas decision as the
state court's review of trial counsel's conduct.

10

the state court applied the correct legal standard, the state court decision cannot meet the "contrary to" prong of section 2254(d)(1).

The respondent argues that the state habeas court's determination that trial counsel's actions were not deficient was a reasonable application of Supreme Court law. Although a successful motion to suppress would deprive the prosecutor of evidence obtained from the vehicle, there was other evidence of the petitioner's guilt, including Taylor's oral and written statements. In addition, whether a motion to suppress would be granted would depend on whether the petitioner voluntarily consented to the search. The second state habeas court found that the search was consensual. The petitioner, although escorted by police officers, was not in custody. He drove his vehicle to the designated location. He was not handcuffed while speaking to the detectives. He did not ask to speak with a lawyer or his mother. The petitioner agreed to the search and signed the consent form which clearly indicated that he was not required to consent to the search.

The state court made these determinations after a hearing. The state habeas court, acting as trier of fact, determines the credibility of the witnesses, including expert witnesses. The state court was not required to credit all testimony equally. See, e.g., Woolcock v. Commissioner of Correction, 62 Conn. App.

821, 823 (2001) (habeas judge, as trier of fact, is "the sole arbiter of the credibility of witnesses and the weight to be given to their testimony"). State court factual findings are entitled to a presumption of correctness. The presumption of correctness applies both to recitals of external events and to the credibility of the witnesses narrating those facts. To overcome the presumption, the petitioner must show that material facts were not adequately developed by the state court or the factual determination is not adequately supported by the record. See Smith v. Mann, 173 F.3d 73, 76 (2d Cir. 1999). The petitioner must present clear and convincing evidence to show that the state court factual finding is incorrect. See Rice v. Collins, 546 U.S. 333, 338-39 (2006); 28 U.S.C. § 2254(e)(1). Although the petitioner disagrees with the state court's findings, he has presented no evidence to overcome the presumption of correctness.

The state court also acknowledged that filing a motion to suppress is a tactical decision and trial counsel had to consider the consequences of filing such a motion. A plea bargain is the result of complex negotiations between the prosecution and defense and the defense attorney must balance benefits and risks. The benefits include pleading to a lesser charge and obtaining a lesser sentence than what might be imposed after trial or might be received in a later plea offer. The risks include forfeiting any chance for acquittal and the possibility of a better offer if

12

the prosecution's case weakens.  See Premo, 131 S. Ct. at 741.
Trial counsel must consider the effect of filing a motion to
suppress on the likelihood of obtaining a favorable plea
agreement.  As a result of these decisions, the court should
strictly follow the Strickland standard when reviewing attorney
decisions relating to a plea bargain.  See id.

The state court found that trial counsel had discussed the
option with the petitioner and expressed his opinion that a
motion to suppress would be denied.  The state court concurred
with this assessment.  During pretrial, the court offered the
petitioner a sentence of twenty-five years in exchange for a
guilty plea.  The petitioner rejected the offer and it was
withdrawn.  See Parker v. Warden, 2003 WL 828494, at *4. During
jury selection, the petitioner was persuaded to accept a plea
bargain.  The court refused to reinstate the twenty-five year
offer and instead offered thirty years imprisonment in exchange
for a guilty plea to the charge of murder. The second state
habeas court concluded that the petitioner likely would have been
convicted based on the prosecution's evidence, the multiple
versions of the events related by the petitioner and the lack of
evidence of an alibi and that he faced a sentence in excess of
sixty years.  The second state habeas court concluded that trial
counsel was not ineffective in deciding not to file a motion to
suppress and negotiating the plea agreement.

13

The respondent also contends that the petitioner has failed to demonstrate prejudice as a result of trial counsel's actions. To establish prejudice in the context of a guilty plea, the petitioner must demonstrate a reasonable probability that he would not have pleaded guilty and instead have gone to trial. See Hill v. Lockhart, 474 U.S. at 59.  The second state habeas court found no prejudice, both because the suppression motion likely would be denied and the plea bargain afforded the petitioner a beneficial outcome.  The petitioner makes no showing in his amended petition or memorandum that he would have opted for trial as is required to meet the prejudice prong of the test.

The court concludes that the state court's determination that the petitioner failed to satisfy the Strickland standard to show ineffective assistance of trial counsel was not an unreasonable application of Supreme Court law.  Accordingly, the amended petition for writ of habeas corpus is denied.

V.   Conclusion

The amended petition for writ of habeas corpus [**Doc. #12**] is **DENIED**.  The Clerk is directed to enter judgment in favor of the respondent and close this case.

**SO ORDERED** this *6th* day of June 2013, at Hartford, Connecticut.

/s/ Dominic J. Squatrito, USDJ

Dominic J. Squatrito
United States District Judge

14